UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-80490-CIV-DIMITROULEAS/SNOW

STEVEN ROBERTS,

        Plaintiff,

v.

BRIAN STUTMAN and RBC CAPITAL
MARKETS CORPORATION,

        Defendants.
_____/

**MEMORANDUM OF DEFENDANT RBC CAPITAL MARKETS
CORPORATION IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendant RBC Capital Markets Corporation ("RBCCM"), by and through its undersigned counsel, respectfully submits this memorandum in opposition to Plaintiff Steven Roberts' Motion to Strike (the "Motion to Strike") [D.E. 58].

**Preliminary Statement**

RBCCM has moved for summary judgment in this action on two separate, independent legal grounds: the alleged agreement (1) is barred by the statute of frauds, and (2) void for illegality because Plaintiff was not registered under the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.* (the "Act"). [D.E. 43.] The facts upon which the motion is based are simple and, as required by Local Rule 7.5, set forth in a statement of certain limited material facts as to which there is no genuine dispute. [D.E. 45.] While Plaintiff consented to entry of a cease and desist and sanctions order by the United States Securities and Exchange Commission (the "SEC") dated September 27, 2007 (the "SEC Order" or "Order"), the Local Rule 7.5 statement did not include the Order because it is not one of the limited material facts upon which the motion is based. Rather, RBCCM simply referred

to the SEC Order in its motion for summary judgment to provide certain supplemental information (described below).

Nonetheless, Plaintiff now seeks the drastic remedy of striking the SEC Order from the record on summary judgment, claiming that it is inadmissible under Rule 410 of the Federal Rules of Evidence. Plaintiff misses the mark for several reasons. For one thing, Rule 410 does not apply because it relates to the admissibility of pleas in the criminal context. Instead, the admissibility of the SEC Order is governed by Rule 408 of the Federal Rules of Evidence, and it permits the use of a consent order for a purpose other than to establish liability on the securities laws at issue in such consent order. Here, the SEC Order is offered on summary judgment for precisely such a permitted use – namely, to show (1) Plaintiff's potential inability to register under the Act, if he had tried, and his motive for failing to even attempt to register, and (2) Plaintiff's knowledge of the general regulatory landscape governing the securities industry, thereby rebutting his current claim of ignorance of specific regulations governing the related commodities industry. Accordingly, the SEC Order, while not necessary to determine the motion for summary judgment, is admissible, and the Motion to Strike should be denied.[1]

---

1. The Motion to Strike specifically requests that the Court "strike from consideration on summary judgment any documents, evidence, testimony, or reference to the consent decree." (Mot. to Strike at 2 (emphasis added).) Because "[i]t is better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there", this response is limited to the specific request for relief set forth in Plaintiff's Motion to Strike – namely, the admissibility of the SEC Order for purposes of summary judgment only. *See In re Seroquel Products Liability Litigation,* Nos. 6:06-md 1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). RBCCM reserves its right to offer the SEC Order into evidence at trial in this action, if any. *Id.* ("evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in [the] proper context") (*citing* 21 Charles A. Wright & Kenneth Graham, Jr., FEDERAL PRACTICE & PROCEDURE ¶ 5042 (1977 & Supp. 1993)).

61214555_1

**Argument**

**THE MOTION TO STRIKE SHOULD BE
DENIED BECAUSE THE SEC ORDER IS ADMISSIBLE**

"Motions to strike . . . are generally disfavored by courts as a drastic remedy to be resorted to only when required for the purpose of justice.'" *See Anish v. Nat'l Securities Corp.,* No. 10-80330-CIV, 2010 WL 4065433, at \*4 (S.D. Fla. Oct. 15, 2010) (citations omitted). As this Court recently explained, motions to strike are "time wasters" that are "regularly denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one . . . of the parties to the action." *See Kenneth F. Hacket & Assocs., Inc. v. GE Capital Info. Tech.,* No. 10-20715-CIV, 2010 WL 3981761, at \*4 (S.D. Fla. Oct. 8, 2010) (quotations omitted) (emphasis added). Plaintiff cannot meet this heavy burden. *See Jackson v. Grupo Industrial Hotelero, S.A.,* No. 07-22046-CIV, 2008 WL 4648999, at \*14 (S.D. Fla. Oct. 20, 2008).

Plaintiff asserts that the SEC Order is akin to a "no-contest plea" and thus inadmissible (and irrelevant) under Rule 410 of the Federal Rules of Evidence. (Mot. to Strike at 1.) To support this assertion, Plaintiff exclusively relies on the Second Circuit's decision in *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887 (2d Cir. 1976). Plaintiff has it wrong.

Rule 410 governs the admissibility of pleas of *nolo contendere*, not civil consent decrees such as the SEC Order. In *United States v. Gilbert,* 668 F.2d 94 (2d Cir. 1981), the Second Circuit made this distinction clear just five years after it decided *Lipsky*. There, the Second Circuit held that, while a plea of *nolo contendere* and civil consent decrees "are somewhat analogous in that neither may be used to prove underlying facts of liability, . . . a *nolo* plea encounters the bar of [Rule] 410, while a civil consent decree, as the settlement of a civil suit, is governed by [Rule] 408" of the Federal Rules of Civil Procedure. *Id.* at 97 (*citing Lipsky*, 551 F.2d at 893) (emphasis added);

3

*see Brotman v. Nat'l Life Ins. Co.*, 1999 WL 33109 (E.D.N.Y. Jan. 22, 1999) (holding that consent order is admissible under Rule 408, explaining that "Rule 410 . . . is inapplicable. The Second Circuit has held that civil consent decrees are not governed by this rule.") (*citing Gilbert*, 668 F.2d at 97). The Second Circuit also held, in no uncertain terms, that, while Rule 408 "bars evidence of a compromise to prove liability for the claim, [it] specifically permits use of [consent decrees] for other purposes." *Gilbert,* 668 F.2d at 97 (emphasis added); *see also Brotman,* 1999 WL 33109, at *2 (consent order admissible for other purposes, such as to show an ulterior motive or to attack plaintiff's credibility); *Berke v. Presstek, Inc.,* 188 F.R.D. 179, 180 (D.N.H. 1998) (consent decrees "may be admissible for other purposes, such as to show knowledge or intent").

      Here, there is no question that the SEC order is a civil consent decree. It specifically found, on consent, *inter alia*, that (1) in 2006, Plaintiff knowingly engaged in the unauthorized transfer of investors' funds from one hedge fund under his management to another for a "self-serving purpose," and (2) Plaintiff made material misrepresentations in the hedge funds' offering memoranda. (*See* SEC Order ¶¶ 6-12 [D.E. 44].) Based on these findings, the Order concluded that Plaintiff "willfully violated Section 17(a) of the Securities Act [of 1933], Section 10(b) of the [Securities and] Exchange Act [of 1934] and Rule 10b-5 thereunder . . . [and] Sections 206(1) and 206(2) of the [Investment] Advisers Act [of 1940]." (*See id.* ¶¶ 13-14.) Further, the SEC ordered, again on consent, that Plaintiff, *inter alia*, (1) "cease and desist from committing or causing any violations and future violations" of the aforementioned federal statutes; (2) "is barred from association with any investment advisor" (with the right to reapply for association with the appropriate regulatory organization only after three years); (3) "is prohibited from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriting for, a registered investment company or affiliated person of such

4

investment adviser, depositor, or principal underwriter"; and (4) "pay $35,000 as a civil money penalty." (*See id.* at 5.)

The relevant inquiry is therefore whether the SEC Order is admissible under Rule 408. That Rule provides that evidence of compromises or offers to compromise claims may be either prohibited (*i.e.,* "prohibited uses") or permitted (*i.e.*, "permitted uses"), depending on the circumstances:

> (a) **Prohibited uses.** – Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount . . .
>
> (1) furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim . . .
>
> (b) **Permitted uses.** – This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408. Thus, evidence of compromises or offers to compromise claims, like the SEC Order, is prohibited "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount or to impeach through a prior inconsistent statement or contradiction." But evidence of compromises or offers to compromise claims is <u>permitted</u> when offered for <u>other purposes</u>, such as to prove, *inter alia*, motive, knowledge, bias or prejudice. *Id*.

Here, RBCCM moved for summary judgment on the ground that, *inter alia*, the alleged oral agreement is void for an illegal purpose because Plaintiff never registered under the Act – an

5

undisputed material fact that is wholly independent of the SEC Order.[2] While RBCCM's Motion for Summary Judgment refers to the Order, it does not do so for a "prohibited" purpose – namely, to establish liability for the underlying securities law violations set forth in the SEC Order. Rather, the SEC Order is properly part of the record on summary judgment for at least two, additional "permitted" uses under Rule 408: to provide this Court with supplemental information relating to Plaintiff's (1) potential inability to register under the Act, and corresponding motivation to fly under the radar of the United States Commodities Futures Trading Commission ("CFTC") by not even attempting to register, and (2) knowledge of the general regulatory landscape in the securities industry, thereby rebutting his claim, made in opposition to RBCCM's motion for summary judgment, that he is ignorant of the regulatory landscape in the related commodities industry.[3] *See Brotman*, 1999 WL 33109, at *2 (consent order admissible under Rule 408 because it was not offered "to prove the truth of the underlying factual matters recited in the consent order, but to show that Plaintiff may have had an ulterior motive for filing a disability claim and to attack his credibility . . . .").

First, as set forth in RBCCM's motion for summary judgment, in determining whether to allow an individual or entity to register under the Act, the CFTC considers, *inter alia*, disciplinary actions by other governmental agencies, including the SEC. *See* 7 U.S.C. § 12a(3)(B). Specifically, Section 12a(3)(B) of the Act authorizes the CFTC to "refuse to register . . . any person,

---

2. *See* RBCCM's Statement of Undisputed Material Facts ("RBCCM Stmt.") [D.E. 45] at ¶ 10; Plaintiff's Counter-Statement of Undisputed Material Facts ("Plt.'s Counter-Stmt.") [D.E. 61].

3. These issues – Plaintiff's potential inability to register (if he had tried) and knowledge of the registration requirements under the Act – are not necessary to decide RBCCM's motion for summary judgment on the ground that the alleged oral agreement is void for illegality. This ground for summary judgment is based on the simple fact that Plaintiff was not registered under the Act – a fact neither disputed nor rebutted by Plaintiff. Nevertheless, RBCCM referenced the SEC Order in its motion for summary judgment to provide the Court with certain supplemental information (as described above).

61214555_1

if it is found, after opportunity for hearing, that (B) such person <u>has been found</u> . . . <u>by any Federal</u> or State <u>agency</u> or other governmental body, or <u>by agreement of settlement</u> . . .(i) <u>to have violated</u> any provision of the <u>Securities Act of 1933, the Securities Exchange Act of 1934 [or] the Investment Advisers Act of 1940</u>." *Id.* (emphasis added). These bars to registration under the Act are present here, given that the SEC Order finds that Plaintiff violated each of the securities laws referenced in Section 12a(3)(B). (*See* Wernick Decl. [D.E. 44], Ex. I at 2.) The SEC Order therefore demonstrates that, even if Plaintiff had attempted to register under the Act (which he did not), he would likely not have been successful. Similarly, the Order bears on Plaintiff's motivation to avoid even attempting to register. *See Brotman,* 1999 WL 33109 at *2 (consent order admissible to show motive). Further, as set forth in RBCCM's reply memorandum in further support of its motion for summary judgment [D.E. 70], the SEC Order relates to the potential for, and scope of, penalties that the CFTC could impose for violations of the Act.

Second, while Plaintiff admitted at his deposition that he worked in both the securities and futures industries, he now professes ignorance of the regulatory framework governing the commodity futures industry. (*See* Wernick Decl. [D.E. 44], Ex. C, 13:7-10; 25: 12-14.) The SEC Order, however, shows that Plaintiff knew, or certainly should have known, that his work in the securities industry is highly regulated and subject to registration requirements. The Order therefore bears directly on the credibility of Plaintiff's current claim, made in his affidavit in opposition to RBCCM's motion for summary judgment, that he has no similar knowledge of the regulatory framework governing the related commodity futures industry. (*See* [D.E. 60], Ex. B ¶¶ 12-16.) *See, e.g.*, *Gilbert*, 668 F.2d at 97 (admitting SEC consent decree "for other purpose[]" to show that defendant "knew of the SEC reporting requirements involved in the decree"); *see also Brotman v. Nat'l Life Ins. Co.,* No. 94-CV-3468(SJ), 1999 WL 33109, at *2 (E.D.N.Y. Jan. 22, 1999) (finding

7

consent order admissible under Rule 408 to "show Plaintiff may have had an ulterior motive" and to "attack his credibility").

Accordingly, the SEC Order is relevant to RBCCM's motion for summary judgment under the broad "relevance" definition set forth in Rule 401 of the Federal Rules of Evidence and admissible on such motion under Rule 408.[4] *See* Fed. R. Evid. 401, 408; *see also* Fed. R. Evid. 402; *Berke,* 188 F.R.D. at 180-81 (stating that the appropriate question is whether "the SEC's consent decrees have any bearing on issues in this suit – not whether the allegations and exhibits attached to the complaint are, or might be, competent evidence if offered at trial").

## Conclusion

For the foregoing reasons, RBCCM respectfully requests that the Court deny Plaintiff's Motion to Strike the SEC Order from the record on RBCCM's motion for summary judgment.

Dated: November 4, 2010

        Respectfully submitted:

        HUGHES HUBBARD & REED LLP
        201 South Biscayne Boulevard, Suite 2500
        Miami, Florida 33131
        Telephone: (305) 358-1666
        Facsimile: (305) 371-8759

        By: s/Aviva L. Wernick
        Nicolas Swerdloff, Fla. Bar No. 070416
        swerdlof@hugheshubbard.com
        Aviva Wernick, Fla. Bar No. 0697281
        wernick@hugheshubbard.com
        Ross C. Paolino, Fla. Bar No. 0056688
        paolino@hugheshubbard.com

        *Attorneys for Defendant RBC Capital Markets Corp.*

---

4. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Pursuant to Federal Rule of Evidence 402, "[a]ll relevant evidence is admissible."

61214555_1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 4, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Jeffrey R. Sonn, Esq.
Scott L. Adkins, Esq.
Sonn & Erez, PLC
500 East Broward Boulevard
Suite 1600
Ft. Lauderdale, FL 33394
Tel: 954-763-4700
Fax: 954-763-1866
Email: jsonn@sonnerez.com
       sadkins@sonnerez.com
Service by: CM/ECF

*Counsel for Plaintiff*

                                                s/Aviva L. Wernick
                                                   Aviva L. Wernick