UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80490-CIV-DIMITROULEAS

STEVEN ROBERTS,

        Magistrate Judge Snow

    Plaintiff,

vs.

BRIAN STUTMAN, an,
individual, and RBC CAPITAL
MARKETS CORPORATION,
a foreign for profit corporation,

    Defendants.
_____/

**ORDER DENYING MOTION TO STRIKE**

    THIS CAUSE is before the Court upon Plaintiff Steven Roberts's Motion to Strike [DE 58], filed herein on October 13, 2010.  The Court has carefully considered the Motion, Defendant RBC Capital Markets Corporation's Response [DE 73], notes no reply has been filed and the time for such filing has passed, and is otherwise fully advised in the premises.

    In Defendant RBC Capital Markets Corporation's (RBCCM) Motion for Summary Judgment [DE 43], RBCCM refers to a consent decree entered by Roberts with the United States Securities & Exchange Commission ("SEC") in a separate securities enforcement matter. Plaintiff moves the Court to strike from consideration on summary judgment any documents, evidence, testimony, or reference to the consent decree.

    A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike, however, are generally disfavored by courts.  See, e.g., Williams v. Jader Fuel Co., 944 F.2d

1388, 1400 (7th Cir.1991); Westfield Ins. Co. v. Northland Ins. Co., No. 08-80748, 2008 WL 4753994, at *2 (S.D. Fla. Oct.28, 2008). Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar.31, 2008) (citations and internal quotations omitted).

Roberts asserts that the consent decree is treated as a no-contest plea under Rule 410 of the Federal Rules of Evidence and is neither admissible nor relevant and should be struck for the purposes of summary judgment. In support of this assertion, Roberts relies on Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893-94 (2nd Cir. 1976) for the proposition that an SEC consent decree is inadmissible and irrelevant in subsequent litigation between the SEC respondent and a third-party.

RBCCM counters that Rule 410 does not govern the admissibility of civil consent decrees such as the SEC consent decree, but instead governs the admissibility of pleas of *nolo contendere*. Instead, RBCCM asserts that Rule 408 governs the admissibility of civil consent decrees. In support, RBCCM cites to United States v. Gilbert, 668 F.2d 94 (2d Cir. 1981). In Gilbert, which was decided five years after Lipsky, the Second Circuit held that, while a plea of nolo contendere and civil consent decrees "are somewhat analogous in that neither may be used to prove underlying facts of liability, . . . a nolo plea encounters the bar of Fed.R.Evid. 410, while a civil consent decree, as the settlement of a civil suit, is governed by Fed.R.Evid. 408." Id. at 97 (citing Lipsky, 551 F.2d at 893). The Second Circuit also held that Rule 408 "bars evidence of a compromise to prove liability for the claim, but specifically permits use of such evidence for other purposes." Gilbert, 668 F.2d at 97; see also Brotman, 1999 WL 33109, at *2 (consent order admissible for other purposes, such as to show an ulterior motive or to attack

plaintiff's credibility); Berke v. Presstek, Inc., 188 F.R.D. 179, 180 (D.N.H. 1998) (consent decrees "may be admissible for other purposes, such as to show knowledge or intent"). Defendant asserts that it is not offering the SEC consent decree to prove liability for the claim. Instead, Defendant asserts it is offering the consent decree for at least two permitted uses under Rule 408: to provide this Court with supplemental information relating to Plaintiff's (1) potential inability to register under the Act, and corresponding motivation to fly under the radar of the United States Commodities Futures Trading Commission ("CFTC") by not even attempting to register, and (2) knowledge of the general regulatory landscape in the securities industry, thereby rebutting his claim, made in opposition to RBCCM's motion for summary judgment, that he is ignorant of the regulatory landscape in the related commodities industry.

The Court finds that Plaintiff has failed to meet the high burden to warrant striking from consideration on summary judgment any documents, evidence, testimony, or reference to the consent decree.  The Court agrees with Defendant that the SEC Order in question is a civil consent decree that is governed by Rule 408.  While the Court can consider the consent decree, it will not do so as to liability.  Instead the Court will consider the consent decree for the limited purposes of (1) Plaintiff's potential inability to register under the Commodity Exchange Act and potential motivation to avoid registration and (2) knowledge of the general regulatory landscape in the securities industry.

It is **ORDERED AND ADJUDGED** that Plaintiff Steven Roberts's Motion to Strike [DE 58] is hereby **DENIED**[1].

---

[1] The Motion to Strike is denied as to Defendant's Motion for Summary Judgment.  The parties may later again contest the admissibility of the consent decree for trial in this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of December, 2010.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record